(76-CC-1903—)

ROCK ISLAND FRANCISCAN HOSPITAL, Claimant, *v.* STATE OF ILLINOIS and ILLINOIS DEPARTMENT of PUBLIC AID, Respondent.

*Opinion filed April 7, 1978.*

JAMES L. GENDE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM E. WEBBER, Assistant Attorney General, for Respondent.

POLOS, C.J.

This is a claim for $1,308.45 by Franciscan Hospital against the Department of Public Aid for medical goods and services provided to one Alice M. Pomeroy. On February 21, 1971, Alice Pomeroy, a Public Aid recipient, was admitted to Franciscan Hospital. On April 6, 1971, the hospital's Utilization Review Committee met and decided that she should be discharged on April 9, 1971, and sent to a nursing home. Before the nursing home placement was implemented, Alice Pomeroy died.

At issue is whether the Department of Public Aid is responsible for services rendered to Alice Pomeroy after the date of the decision of the Utilization Review Committee.

Respondent contends that it is not so liable, because it was never properly notified of the decision of the Utilization Review Committee.

Claimant contends that it notified Respondent on

174

various occasions of its intention to discharge the patient, and of its belief that a nursing home placement was necessary. The Respondent does not deny these facts, but contends that they are insufficient to give proper notice to make the Respondent responsible for any expense after the date of the decision of the Utilization Review Committee.

Thus, the sole issue is whether the Respondent received proper notice so as to be responsible for the medical goods and services provided by Claimant subsequent to the date of the decision of the Utilization Review Committee.

Susan Crawford, a witness for Claimant, testified that on February 22, 1971, a notice of the patient's admission to the hospital was sent to the Respondent. The relevant Department of Public Aid Regulations provides:

"Plan For Care After Discharge: Upon notification of a recipient's admission to the hospital, local staff is to determine in consultation with the physician, and is to initiate plans for such case as may be needed to that any necessary arrangements will be made by the time the patient is ready for discharge."

Thus, upon notification that a recipient of Public Aid had been admitted to a hospital, the Respondent has an affirmative duty to initiate plans for the recipient's post-discharge care.

Through its business records admitted into evidence without objection by Respondent, Claimant demonstrated that Respondent had notice of the Utilization Review Committee's decision. Susan Crawford also testified to several conversations between Claimant and representatives of the Department of Public Aid concerning the decision to discharge Alice Pomeroy.

Although Respondent contends that the notice

given it by Claimant was improper, it has not cited any regulation or provision establishing a formal procedure to be followed in such instances.

The Court therefore finds that Respondent received sufficient notice of the patient's hospitalization and the decision of the Utilization Review Committee, so as to charge Respondent with responsibility for all medical goods and services provided to Alice Pomeroy after the decision of Utilization Review Committee.

Claimant is therefore awarded the sum of $1,308.45.